IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THERESA ZIEGLER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Civil Action No.  2:19-1103 |
| ANDREW M. SAUL, Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) ) ) |

AMBROSE, Senior District Judge

**OPINION
and
ORDER OF COURT**

**SYNOPSIS**

Pending before the Court are Cross-Motions for Summary Judgment.   [ECF Nos. 13, 17]. Both parties have filed Briefs in Support of their Motions. [ECF Nos. 14, 18]. After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Plaintiff's Motion for Summary Judgment and denying Defendant's Motion for Summary Judgment.

**I. BACKGROUND**

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("Act"). On or about May 21, 2013, Plaintiff applied for DIB. [ECF No. 7-6 (Ex. 1D)]. In her application, she alleged that since January 1, 2009, she had been disabled due to diabetes, obesity, tingling, numbness, and swelling in feet, low back pain PMDD, hyperthyroid, high blood pressure, and high cholesterol. [ECF No. 7-7 (Ex. 2E)]. Her date last

1

insured is June 30, 2010. [ECF No. 7-18, at 7].[1] The state agency denied her claims initially, and she requested an administrative hearing. Administrative Law Judge ("ALJ") Michael Colligan held a hearing on January 15, 2015, at which Plaintiff was represented by counsel. [ECF No. 7-2, at 34-64]. Plaintiff appeared at the hearing and testified on her own behalf. Id. A vocational expert also was present at the hearing and testified. Id. at 54-63. In a decision dated February 20, 2015, the ALJ found that jobs existed in significant numbers in the national economy that Plaintiff could perform and, therefore, that Plaintiff was not disabled under the Act. [ECF No. 7-2, at 20-29]. Plaintiff requested review of the ALJ's determination by the Appeals Council, and, on August 26, 2016, the Appeals Council denied Plaintiff's request for review. [ECF No. 7-2, at 1-6].

Having exhausted all of her administrative remedies, Plaintiff filed an action in this Court on October 25, 2016. [ECF No. 7-19 (Ex. 6A)]. On March 17, 2017, I issued an opinion and order granting Defendant's unopposed Motion to Remand the matter to the Commissioner for further proceedings. Id. (Ex. 3A). On May 9, 2017, the Appeals Council vacated the final decision of the Commissioner and remanded the matter to an ALJ for resolution of issues related to proper consideration of medical opinion evidence and evaluation of Plaintiff's alleged mental health impairments. Id. (Ex. 5A).

Administrative Law Judge ("ALJ") Joanna Papazekos held a hearing on April 1, 2019, at which Plaintiff was represented by counsel. [ECF No. 7-18, at 520-551]. Plaintiff appeared at the hearing and testified on her own behalf. Id. A vocational expert also was present at the hearing and testified. Id. at 547-550. In a decision dated May 3, 2019, the ALJ found that jobs existed in significant numbers in the national economy that Plaintiff could perform and, therefore, that Plaintiff was not disabled under the Act. Id. at 505-515. Plaintiff subsequently filed an action

---

[1] To receive DIB, Plaintiff must establish that she became disabled prior to June 30, 2010, the date on which her insured status expired, or "date last insured." 42 U.S.C. §§ 423(a)(1)(A), (c)(1)(B); 20 C.F.R. § 404.131(a).

directly with this Court. [ECF No. 1].

The parties have filed Cross-Motions for Summary Judgment. [ECF Nos. 13 and 17]. The issues are now ripe for my review.

## II.     LEGAL ANALYSIS

### A.     STANDARD OF REVIEW

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. Allen v. Bowen, 881 F.2d 37, 39 (3d Cir. 1989). Regardless of "the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (U.S. 2019). Substantial evidence has been defined as "more than a mere scintilla." Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). "It means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Biestek, 139 S. Ct. at 1154. The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g); Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. Palmer v. Apfel, 995 F. Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. See 5 U.S.C. § 706.

To be eligible for social security benefits, the plaintiff must demonstrate that she cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to

last for a continuous period of at least 12 months. 42 U.S.C. § 1382(a)(3)(A); Brewster v. Heckler, 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. § 404.1520. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R. pt. 404, subpt. P, app. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent her from performing her past relevant work; and (5) if the claimant is incapable of performing her past relevant work, whether she can perform any other work which exists in the national economy, in light of her age, education, work experience and residual functional capacity.  20 C.F.R. § 404.1520. The claimant carries the initial burden of demonstrating by medical evidence that she is unable to return to her previous employment (steps 1-4). Dobrowolsky, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). Id.

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. Podedworny v. Harris, 745 F.2d 210, 221 (3d Cir. 1984).

B.   **WHETHER THE ALJ PROPERLY EVALUATED THE MEDICAL OPINION EVIDENCE AND PROPERLY FORMULATED PLAINTIFF'S RFC**

The ALJ found that Plaintiff had severe impairments, including obesity, degenerative disc disease of the lumbar spine, and degenerative joint disease of the left wrist, and non-severe impairments, including diabetes, depression, and anxiety. [ECF No. 7-2, at 507-509]. She then found that Plaintiff's impairments or combination of impairments did not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Id. at

4

510. The ALJ further found that Plaintiff had the residual functional capacity ("RFC") to perform light work, except: she required a sit/stand option allowing her to change positions from upright to seated approximately every hour; and she could perform no more than frequent postural maneuvers. Id. at 510-513. The ALJ ultimately concluded that considering Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform and, therefore, that Plaintiff was not disabled within the meaning of the Act. Id. at 514-515.

Here, Plaintiff argues the ALJ's RFC finding is not supported by substantial evidence because she rejected the only medical opinion of record leaving her with no medical guidance to make that finding. [ECF No. 14, at 6-8]. Specifically, Plaintiff takes issue with the ALJ's rejection of the physical residual functional capacity questionnaire that her treating physician, Dr. Richard Egan, completed on or about January 13, 2015. [ECF No. 7-17 (Ex. 4F)]. Although Dr. Egan's report post-dates Plaintiff's date last insured by almost 5 years, the form asked Dr. Egan to opine on Plaintiff's impairments as they existed prior to June 30, 2010, and Dr. Egan indicated that he did so. See id. Among other things, Dr. Egan opined that Plaintiff could stand/walk less than 2 hours in an 8-hour day; could lift 20 pounds rarely, and 10 pounds or less occasionally; could rarely stoop, squat, crouch, or climb ladders/stairs; and would miss more than 4 days of work per month due to her impairments. See id. The ALJ did not find Dr. Egan's report to be persuasive because it was inconsistent with, and appeared not to relate to, Plaintiff's condition during the time period at issue. [ECF No. 7-18, at 517-18].

To the extent Plaintiff suggests that the ALJ was required to adopt Dr. Egan's findings as to Plaintiff's functional limitations by default because to do otherwise would be to rely on her own lay analysis of raw medical data, that suggestion goes too far. "The ALJ – not treating or examining physicians or State agency consultants – must make the ultimate disability and RFC determinations." Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 361 (3d Cir. 2011); see also 20

C.F.R. § 404.1527(d)(2). Indeed, "[t]here is no legal requirement that a physician have made the particular findings that an ALJ adopts in the course of determining an RFC." Titterington v. Barnhart, 174 F. App'x 6, 11 (3d Cir. 2006); see also Chandler, 667 F.3d at 362 (holding that each fact incorporated into the RFC need not have been found by a medical expert). As the Third Circuit Court of Appeals explained in Titterington, "[s]urveying the medical evidence to craft an RFC is part of an ALJ's duties." 174 F. App'x at 11. In fact, an ALJ is permitted to make an RFC assessment even if no doctor has specifically made the same findings. See Hayes v. Astrue, Civ. No. 07-710, 2007 WL 4456119, at *2 (E.D. Pa. Dec. 17, 2007); Caville v. Berryhill, No. CV 18-1657, 2019 WL 4278832, at *4–5 (W.D. Pa. Sept. 10, 2019). It was not necessarily error, then, for the ALJ to reject the only relevant medical opinion in the record.

As discussed above, however, substantial evidence must support the ALJ's findings as to Plaintiff's RFC, and the ALJ must provide an adequate explanation as to how she formulated the RFC. After review, I find that, although the ALJ was not required to adopt the opinions of Dr. Egan, or to rely expressly on another opinion, her explanation here is insufficient to determine whether substantial evidence supports her RFC finding, particularly with respect to Plaintiff's physical limitations. For example, at the exertional level, the ALJ's only analysis as to why Plaintiff should be limited to light work instead of sedentary work is that Plaintiff indicated to Dr. Egan on two occasions that she walks her dogs for exercise up to 6-7 times per week. [ECF No. 7-18, at 513 (citing Ex. 1F at 4, 31)]. The ALJ does not adequately explain how walking a dog for exercise the equivalent of once a day translates into the ability to walk to the extent required to perform light work. See 20 C.F.R. § 404.1567(b).2 In pointing out this weakness, I am not saying that the

---

[2] Under the regulations, light work involves "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, [a claimant] must have the ability to do substantially all of these activities." 20 C.F.R. § 1567(b).

record could not be found to support a finding of light work, but rather that the ALJ failed to explain her findings with sufficient specificity, especially in light of the contrary opinion of Dr. Egan.

In addition, it is unclear whether the ALJ even applied the appropriate standard for evaluating medical opinion evidence on remand. Although the regulations for evaluating medical opinion evidence have changed and eliminated the treating physician doctrine, these new regulations apply only to claims filed on or after March 27, 2017. Compare 20 C.F.R. § 404.1527 (old) with 20 C.F.R. § 404.1520c (new). Plaintiff filed her claim in this case in 2013. Accordingly, the Appeals Council instructed the ALJ to apply the former standard, 20 C.F.R. § 404.1527, on remand. [ECF No. 7-19 (Ex. 5A)]. While the ALJ cites § 404.1527 in her opinion, however, she evaluates Dr. Egan's report using language more consistent with the new standards. See, e.g., ECF No. 7-18, at 512-13 (finding that Dr. Egan's assessment was not "persuasive" because it was not consistent and not supported by his treatment notes); 20 C.F.R. § 404.1520c.[3] The ALJ does not expressly address the treating physician doctrine or discuss Dr. Egan's opinion in terms of "weight given." This ambiguity also must be addressed on remand and the proper standard applied.

In short, I understand that an ALJ's decision does not need to be so comprehensive as to "account with meticulous specificity each finding contained therein." Caville, 2019 WL 4278832, at *5. Here, however, the ALJ essentially asks me to assume that record evidence leads to the specific conclusions she draws as to Plaintiff's RFC, despite a medical opinion to the contrary. As set forth above, I cannot make this assumption on the record before me, and, thus, must remand the matter again so that the ALJ can more clearly explain how she came to her findings. In the

---

[3] Unlike 20 C.F.R. § 404.1527, the current regulations do not require the ALJ to give any "specific evidentiary weight, including controlling weight, to any medical opinion." 20 C.F.R. § 404.1520c(a). Instead, the ALJ is required to evaluate the persuasiveness of "other medical evidence," including functionality opinions from treating physicians, id. § 404.1513(a)(3), based on several factors, id. § 404.1520c(c)(1)-(c), with a focus on consistency and supportability, id. § 404.1520c(a). Under the new standard, consistency and supportability are the only factors ALJs must address in their written opinions. Id. § 404.1520c(b).

course of doing so, she should ensure that she has adequately considered and weighed Dr. Egan's opinion under the appropriate standard. She may also seek other medical expert evidence to assist in this determination, although I leave that specific decision to the ALJ on remand.

### III. CONCLUSION

Under the Social Security regulations, a federal district court reviewing the decision of the Commissioner denying benefits has three options. It may affirm the decision, reverse the decision and award benefits directly to a claimant, or remand the matter to the Commissioner for further consideration. 42 U.S.C. § 405(g) (sentence four). In light of an objective review of all evidence contained in the record, I find that the ALJ's decision is not supported by substantial evidence because, in discussing her RFC findings, the ALJ failed to explain adequately her evaluation of the medical opinion evidence, particularly the standard applied and the evidentiary support for her imposed limitations. The case therefore is remanded for further consideration in light of this Opinion. In remanding on the points herein, I make no findings as to whether Plaintiff is or is not disabled. I simply find that I cannot properly evaluate the ALJ's opinion on the record before me. For these and all of the above reasons, Plaintiff's Motion for Summary Judgment is granted to the extent set forth herein, and Defendant's Motion for Summary Judgment is denied to that same extent. An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THERESA ZIEGLER, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ANDREW M. SAUL, Commissioner of )<br>Social Security, )<br>)<br>Defendant. )<br>) | Civil Action No.   2:19-1103 |

AMBROSE, Senior District Judge

## ORDER OF COURT

AND NOW, this 15th day of March, 2021, after careful consideration of the submissions of the parties and for the reasons set forth in the Opinion accompanying this Order, it is ordered that Plaintiff's Motion for Summary Judgment [ECF No. 13] is GRANTED to the extent that Plaintiff seeks remand for further consideration and the matter is REMANDED to the Commissioner for further proceedings consistent with the Opinion attached hereto. Defendant's Motion for Summary Judgment [ECF No. 17] is DENIED.

                BY THE COURT:

                /s/ Donetta W. Ambrose
                Donetta W. Ambrose
                U.S. Senior District Judge